IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| CAMILLIA D. OLSON,<br><br>    Plaintiff,<br>v.<br><br>ROBERT BENNETT, ORRIN HATCH, JON HUNTSMAN, and RON BISHOP,<br><br>    Defendants. | REPORT AND RECOMMENDATION<br><br>Case No. 2:07cv564<br><br>Chief District Judge Tena Campbell<br><br>Magistrate Judge Paul M. Warner |

This matter was referred to Magistrate Judge Paul M. Warner by Chief District Judge Tena Campbell pursuant to 28 U.S.C. § 636(b)(1)(B).[1] Before the court are Camillia D. Olson's ("Plaintiff") two motions for appointment of counsel[2] and motion for service of process.[3] Having carefully reviewed Plaintiff's complaint, the court recommends dismissal for lack of subject matter jurisdiction.

## BACKGROUND

As an initial matter, because Plaintiff is proceeding pro se, the court will "construe [her] pleadings liberally and hold the pleadings to a less stringent standard than formal pleadings drafted by lawyers." *Riddle v. Mondragon*, 83 F.3d 1197, 1202 (10th Cir. 1996).

---

[1] *See* docket no. 9.

[2] *See* docket nos. 7 and 10.

[3] *See* docket no. 11.

In Plaintiff's complaint, she names the following individuals as defendants: United States Senator Robert Bennett, United States Senator Orrin Hatch, United States Representative Rob Bishop, and Utah Governor Jon Huntsman. In subsequent pleadings, Plaintiff's captions include, in addition to those stated above, United States President George Bush ("President Bush") and United States Vice President Dick Cheney ("Vice President Cheney") with the word "add" in parentheses immediately following each name. Presumably, Plaintiff was attempting to add President Bush and Vice President Cheney as defendants. While Plaintiff has failed to properly move to amend her complaint to add them as defendants, the court will nonetheless assume, for purposes of this report and recommendation, that Plaintiff properly named them as defendants. In addition, the court will refer to all defendants collectively as "Defendants."

Upon a thorough review of the complaint, it appears that Plaintiff is asserting that Defendants violated her constitutional rights on the grounds that they have failed to uphold their oaths of office by "allow[ing] the President to go to war with Iraq." Plaintiff contends that this violates a treaty with the United Nations, which "has caused increasing hostility of other nations as to place our people in danger and possible attack [sic]." It also appears that Plaintiff is asking the court to "establish an independent United States Treasurey [sic], and to withdraw all troops from Iraq . . . and [to] encourage any of those who have made money off this war all the money [sic] to help make restitution."

## ANALYSIS

This court previously granted Plaintiff's application to proceed in forma pauperis under 28 U.S.C. § 1915 (the "in forma pauperis statute").[4]  Whenever the court authorizes a party to proceed without the prepayment of fees under the in forma pauperis statute, the court is required to "dismiss the case at any time if the court determines that . . . the action or appeal . . . is frivolous or malicious . . . [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(i), (ii).

In addition, Article III of the Constitution limits the federal courts to the adjudication of actual cases and controversies.  *See Allen v. Wright*, 468 U.S. 737, 750 (1984).  Article III requires that a litigant have "standing" in order to invoke the power of a federal court.  *See id.*  In other words, standing "is the threshold question in every federal case, determining the power of the court to entertain the suit."  *Warth v. Seldin*, 422 U.S. 490, 499 (1975).  "In order to satisfy the jurisdictional prerequisite of standing, [Plaintiff] must do more than allege abstract injury, [s]he must show that [s]he has sustained or is immediately in danger of sustaining some direct injury as the result of the challenged official conduct and the injury or threat of injury must be both real and immediate, not conjectural or hypothetical."  *Phelps v. Hamilton*, 122 F.3d 1309, 1316 (10th Cir. 1997) (quotations and citation omitted).  Accordingly, to have standing to pursue her claims against Defendants, Plaintiff must allege a concrete and particularized injury that is fairly traceable to Defendants' allegedly unlawful conduct and that is likely to be redressed by the requested relief.  *See Allen*, 468 U.S. at 751.

---

[4] *See* docket no. 5.

The court concludes that Plaintiff's attempt to invoke the jurisdiction of this court falls far short of the constitutional requirements for standing. Plaintiff has failed to allege any direct personal injury, actual or imminent, that she has suffered by Defendants' alleged actions of "allow[ing] the President to go to war with Iraq." While Plaintiff sets forth generalized harms allegedly caused by Defendants' actions, Plaintiff has failed to show how Defendants have specifically injured her in a manner apart from the general population. "[S]tanding to sue may not be predicated upon an interest of the kind alleged here which is held in common by all members of the public, because of the necessarily abstract nature of the injury all citizens share." *See Schlesinger v. Reservists Comm. to Stop the War*, 418 U.S. 208, 221 (1974). Merely alleging that by allowing the President to go to war in Iraq, Defendants have placed our country in danger of an attack is not enough to demonstrate that Plaintiff has standing to file this lawsuit.

"A federal court does not have jurisdiction over a case if the plaintiff does not have standing." *United States v. Colorado Supreme Court*, 87 F.3d 1161, 1166 (10th Cir. 1996). "A court lacking jurisdiction cannot render judgment but must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking." *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974); *see* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Accordingly, the court recommends dismissal of Plaintiff's complaint for lack of standing.

But even assuming Plaintiff did have standing, the court would nevertheless recommend dismissal under the political question doctrine. Courts are prohibited from hearing cases which

present issues, or political questions, that belong to the decision-making authority of the legislative and executive branches of government. *See Baker v. Carr*, 369 U.S. 186, 210 (1962). "When deciding whether issues present political questions, courts must make a discriminating inquiry into the precise facts and posture of the particular case, for it resists resolution by any semantic cataloguing." *Schroder v. Bush*, 263 F.3d 1169, 1173-74 (10th Cir. 2001) (quotations and citations omitted). As such, application of the political question doctrine must be made on a case-by-case basis. *See id.* at 1174.

In *Baker v. Carr*, the United States Supreme Court set forth several factors for determining whether a case presents a nonjusticiable political question. *See Baker*, 369 U.S. at 217. In particular, the Court stated that

> [p]rominent on the surface of any case held to involve a political question [will be] found a textually demonstrable constitutional commitment of the issue to a coordinate political department; or a lack of judicially discoverable and manageable standards for resolving it; or the impossibility of deciding without an initial policy determination of a kind clearly for nonjudicial discretion; or the impossibility of a court's undertaking independent resolution without expressing lack of the respect due coordinate branches of government; or an unusual need for unquestioning adherence to a political decision already made; or the potentiality of embarrassment from multifarious pronouncements by various departments on one question.

*Id.* at 217.

Based on the above factors, it is apparent that Plaintiff seeks judicial resolution of a political question. Plaintiff is requesting that the court order Congress and President Bush to "withdraw all troops from Iraq." The Constitution, however, gives Congress and the President the power to employ the nation's armed forces in war. Specifically, Congress has the power to

declare war, to raise and support armies, to provide and maintain a navy, and to make rules governing these military bodies.  *See* U.S. Const. art I, § 8, cls. 11, 12, 13, 14.  The Constitution also names the President as the commander-in-chief of the military forces.  *Id.* art. II, § 2, cl. 1.  As the Tenth Circuit has stated, "courts afford the political branches of government a particularly high degree of deference in the area of military affairs, because the Constitution expressly confers authority over the military on the executive and legislative branches."  *Custer County Action Ass'n v. Garvey*, 256 F.3d 1024, 1031 (10th Cir 2001).  For these reasons, even if Plainitff did have standing, the court would conclude that Plaintiff's lawsuit raises a nonjusticiable political question and recommend dismissal on that basis.

## RECOMMENDATION

Because the court concludes that Plaintiff lacks standing or, in the alternative, that Plaintiff's complaint seeks resolution of a nonjusticiable political question, **IT IS HEREBY RECOMMENDED** that Plaintiff's complaint be **DISMISSED**.

Copies of the foregoing report and recommendation are being sent to the parties who are hereby notified of their right to object.  The parties are further notified that they must file any objections to the report and recommendation, with the clerk of the district court, pursuant to 28 U.S.C. § 636(b), within ten (10) days after receiving it.  Failure to file objections to both factual

and legal conclusions may constitute a waiver of those objections on subsequent appellate review.

**IT IS SO ORDERED.**

DATED this 6th day of February, 2008.

BY THE COURT:

PAUL M. WARNER
United States Magistrate Judge